UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| A. PÉREZ Y CÍA, S.L., § | |
| § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 4:14-cv-02250 |
| § | |
| HONOR WORLDWIDE LOGISTICS LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

**I.**

Before the Court is the plaintiff's, A. Pérez y Cía, S.L., verified complaint and application for injunctive relief against the defendant, Honor Worldwide Logistics, LLC (Dkt. No. 1). After receiving argument from counsel, both written and oral, and reviewing the applicable law, the Court determines that the injunctive relief sought should be GRANTED.

**II.**

The parties agree that the facts underlying this suit are undisputed. In May 2014, the plaintiff contracted with the defendant to arrange the transportation of thirty (30) wind turbine blades from Grand Forks, North Dakota to the Port of Houston and then, by ocean carriage, to the Port of Mokpo, South Korea. Time was of the essence as delivery is to be made on or before August 25, 2014. During the course of negotiations between the plaintiff and the defendant, several offers and modifications were discussed, however, the parties finally agreed on June 5, 2014, to a transportation rate of $685,500.

Thereafter, the plaintiff sought confirmation concerning the equipment that would be used in transport. On June 11, 2014, the defendant indicated to the plaintiff that the blades were


wider than anticipated and as a result, the distance that the cargo would travel would be increased, resulting in an increase in the freight rate. The plaintiff had previously provided the blade dimensions and schematics to the defendant. The defendant even acknowledged the information was correct on June 13, 2014. However, the defendant continued to insist on a higher rate because the blades were being loaded and transported on the upper deck of the platform of two-axle rear platform trailers. Therefore, the defendant increased the transport rate by $32,347 per load. The plaintiff refused to confirm and relied upon the previously agreed transport rate.

### III.

The Court has reviewed the plaintiff's verified complaint and application for injunctive relief and it appears from the pleadings and arguments that the defendant has refused to release or direct the release of the original bill of lading no. RCKI6003HOU02, covering the shipment of the thirty (30) wind turbine blades at issue in the action, in accordance with the plaintiff's instructions. Instead, the defendant insists that it has a valid "contractual" lien that arises from nonpayment of its invoice.

The plaintiff seeks a mandatory injunction against the defendant. In order for the plaintiff to prevail in this request, the plaintiff must establish: (a) a substantial likelihood of success on the merits, (b) a substantial threat that plaintiffs will suffer irreparable injury if an injunction is not granted, (c) that the threatened injury outweighs any damage that an injunction might cause the defendant, and (d) that an injunction will not disserve the public interest. *Planned Parenthood of Houston and Southeast Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005).

## IV.

Based on the documents, arguments presented, and the applicable law, the Court makes the following findings of fact and conclusions of law:

(a) the vessel is currently scheduled to arrive at Mokpo, South Korea on August 13, 2014;

(b) if the bill of lading is withheld by the defendant the cargo is subject to seizure, detention, demurrage and fines by the Korean authorities;

(c) there is a substantial likelihood that the plaintiff will prevail on the merits because the last undisputed rate charge has been paid.  Moreover, the contractual terms were not conditional--permitting the defendant to alter or modify the terms--and no new terms were accepted by the plaintiff;

(d) the threatened injury to the plaintiff substantially outweighs any damage to the defendant in that the plaintiff stands to lose its goodwill and possibly future business opportunities with non-party, Alstom Renovables España, S.L., one of the plaintiff's largest clients.  Further, the plaintiff will face immediate claims of damages from Alstom; and

(e) the issuance of a preliminary injunction will not adversely affect the public interest.  In fact, in the Court's view, it will advance the public interest by preventing a multi-party lawsuit.

Therefore, the Court ORDERS as follows:

(1) the defendant shall release and deliver, or direct the release and delivery of, the original bill of lading no. RCKI6003HOU02 to the plaintiff or its designees no later than Monday, August 11, 2014; and

(2) the defendants are hereby restrained from interfering with the discharge and delivery of the shipment, and are further restrained from attempting to assert or enforce a lien against the shipment.

FURTHER, the Court finds that under these circumstances no bond is necessary.

It is so **ORDERED**.

SIGNED on this 8th day of August, 2014.

_____
Kenneth M. Hoyt
United States District Judge